UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tydarryl Griffin, | Civil No. 06-3071 (JNE/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden R.L. Morrison, | |
| Respondent. | |

_____

Tydarryl Griffin, *Pro Se* Petitioner.
David MacLaughlin, Assistant United States Attorney, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1) Respondent filed a response in opposition to Petitioner's petition. (Docket No. 4.) The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that the petition be granted in part and denied in part.

**I. BACKGROUND**

Petitioner Tydarryl Griffin is currently incarcerated at the Federal Prison Camp in Duluth, Minnesota. (Pet. at 2.) Petitioner is serving a 86 month term of imprisonment from the Eastern District of Missouri. (Pet. at 2.) Petitioner's projected release date is April 9, 2010. (Gov't Mem. in Opp. at 1.)

In his petition, Petitioner challenges the BOP policy articulated in 28 C.F.R. §§ 570.20 and

570.21, which limited the transfer of an inmate to a Residential Reentry Center[1] (hereinafter "RRC") to the last ten percent of the inmate's sentence or six months, whichever was less. Petitioner argues that these regulations are invalid because the BOP must make an individualized character assessment concerning Petitioner's eligibility for release to a RRC based on the factors listed in 18 U.S.C. § 3621(b). Petitioner seeks immediate evaluation for placement in a RRC or home confinement based on the factors listed in 18 U.S.C. § 3621(b).

In the Respondent's response in opposition, it acknowledges that, "in the Eighth Circuit, Sections 570.20 and 570.21 are invalid and that it will follow the BOP guidelines which existed before 2002." (Gov't Mem. in Opp. at 2.) The current policy is set forth in the Program Statement 7310.04, *Community Corrections Center (CCC) Utilization and Transfer Procedures*, December 16, 1998, (hereinafter "Program Statement"), under which the BOP considers the prisoner for placement in a RRC, pursuant to the factors listed in 18 U.S.C. §3621(b), approximately "11 to 13 months before an inmate's projected release date". Program Statement 7310.04 at 7.

28 U.S.C. § 2241 permits a petition from a petitioner challenging the execution, length or duration of a sentence. Both of Petitioner's claims challenge the length of his sentence, and, therefore, this Court has jurisdiction to address Petitioner's claims.

## II. DISCUSSION

A.  **The BOP Has Agreed to Evaluate Petitioner's RRC Eligibility Without Regard to 20 C.F.R. §§ 570.20 and 570.21 and to Evaluate his Eligibility Consistent with 18 U.S.C. § 3621(b).**

Petitioner challenges the BOP regulations set forth in 28 C.F.R. §§ 570.20 and 570.21. The

---

[1] Residential Reentry Centers were formally referred to as Community Corrections Centers (hereinafter "CCC").

regulations set forth in 28 C.F.R. §§ 570.20 and 570.21 previously limited the portion of a prisoner's sentence that could be served in a RRC to six months or the last ten percent of the prisoner's sentence, whichever was less.

On April 6, 2006, the Eighth Circuit issued its decision in *Fults v. Sanders*, 442 F.3d 1088 (8th Cir.2006), holding that 28 C.F.R. §§ 570.20 and 570.21 are invalid because they conflict with 18 U.S.C. § 3621(b). As a result of this holding, the BOP has changed its position in the Eighth Circuit and recognizes that 28 C.F.R. §§ 570.20 and 570.21 are invalid. (Gov't Mem. in Opp. at 2.) The BOP now follows the Program Statement, which was the policy that existed before 2002. The Program Statement allows for direct commitment to a RRC and does not limit RRC placement to six months or ten percent of the sentence, whichever is less. (Gov't Mem. in Opp. at 2.) The Program Statement permits the BOP to transfer an inmate to a RRC for more than the last ten percent of their term, or more than six months, but such an action is "highly unusual" and would require "extraordinary justification". Program Statement 7310.04 at 4, 8. Under this policy, the BOP represents that the decision of when to transfer an inmate to a RRC is based on a number of individualized factors. Program Statement 7310.04 at 7-8.

Petitioner argues that the Program Statement is also invalid because it conflicts with 18 U.S.C. § 3621(b). However, the Program Statement is a valid interpretation of 18 U.S.C. § 3621(b). Whereas 28 C.F.R. §§ 570.20 and 570.21 conflicted with the individualized inquiry required under 18 U.S.C. § 3621(b), the Program Statement does not.

As a result of the BOP's change in policy in response to the Eighth Circuit's decision in *Fults*, the Government does not oppose the petition to the extent it seeks to require the BOP to consider petitioner's eligibility for RRC placement under the factors set forth in 18 U.S.C. § 3621(b)

and without regard to 28 C.F.R. §§ 570.20 and 570.21. (Gov't Mem. in Opp. at 7.) Therefore, the Court recommends that, insofar as the petition seeks to require the BOP to consider Petitioner's eligibility for RRC placement without regard to 28 C.F.R. §§ 570.20 and 570.21 and to evaluate his RRC eligibility consistent with 18 U.S.C. § 3621(b), the petition should be granted.

### B.   Petitioner is Not Entitled to an Immediate Transfer

In addition, Petitioner is requesting that he be immediately transferred to a RRC or home confinement, even though his projected release date is April 9, 2010. Petitioner argues that § 3621(b) gives the authority to the BOP to place a prisoner in a RRC at any time during his incarceration, and that Petitioner is entitled to be immediately placed in a RRC or home confinement.[2] Petitioner argues that the Program Statement is superceded by § 3621(b), because § 3621(b) gives the BOP the authority to place an inmate in a RRC at anytime[3], whereas, according to the Program Statement, the BOP will consider inmates for placement in a RRC initially upon confinement and then again approximately "11 to 13 months before the inmate's projected release date." Program Statement 7310.04 at 7.

In *Elwood v. Jeter*, the Eighth Circuit held that

> § 3621(b) gives the BOP the discretion to transfer prisoners to CCCs at any time during their incarceration. Further, the BOP is required to place prisoners in conditions that will afford [them] a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community during a reasonable part of the last ten

---

[2] Petitioner also argues that the BOP gives favoritism to white-collar prisoners in violation of 18 U.S.C. § 3621(b), which states ". . . there shall be no favoritism given to prisoners of high social or economic status." The Petitioner fails to provide any support for the proposition that the BOP engages in favoritism toward prisoners of high social or economic status.

[3] ". . . The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. . . ." 18 U.S.C. § 3621(b).

percent of the prisoner's term, to the extent practicable. This duty shall not extend beyond the last six months of the prisoner's sentence.

386 F.3d 842, 847 (8th Cir.2004) (internal quotations omitted).  As stated by the Eighth Circuit, 18 U.S.C. § 3621(b) gives the BOP the *discretion* to transfer prisoners to a RRC at any time during their imprisonment; it does not require the BOP to do so.  Therefore, it is a matter of discretion whether Petitioner will be transferred to a RRC prior to the last six months of sentence, and insofar as Petitioner is requesting to be immediately considered for transfer to a RRC or home confinement, the Court recommends that the motion be denied.

## III. RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus [#1] be **GRANTED in part** and **DENIED in part** as follows:

1. insofar as the petition seeks to require the BOP to consider Petitioner's eligibility for RRC placement without regard to 28 C.F.R. §§ 570.20 and 570.21 and to evaluate his RRC eligibility consistent with 18 U.S.C. § 3621(b), the petition should be **GRANTED**;

2. insofar as Petitioner is requesting to be immediately considered for transfer to a RRC or home confinement, the Court recommends that the petition be **DENIED**.

DATED: December 12, 2006              s/ *Franklin L. Noel*
                                      FRANKLIN L. NOEL
                                      United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 2, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.